IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| TRUSTEES OF THE NATIONAL ELECTRICAL BENEFIT FUND | : |
| | : |
| v. | : Civil Action No. DKC 24-2297 |
| | : |
| JCA ELECTRIC, LLC | : |
| | : |

**MEMORANDUM and ORDER**

Trustees of the National Electrical Board Fund ("Plaintiffs") filed a complaint against JCA Electric, LLC ("Defendant" or "JCA") on August 8, 2024, alleging that Defendant was delinquent in its contributions owed to Plaintiffs under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1132(a)(3), 1145.  (ECF No. 1).

On August 27, 2024, Plaintiffs filed an Affidavit of Service stating that service was effected upon JCA by serving Jessica Vanthof ("Ms. Vanthof"), the wife of JCA's resident agent Jeremy L. Vanthof ("Mr. Vanthof").  (ECF No. 4).  When JCA failed to respond within the requisite time period, Plaintiffs filed a motion for clerk's entry of default on September 11, 2024.  (ECF No. 5).

Under Federal Rule of Civil Procedure 55(a), default must be entered "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise."  Proper service of process is a prerequisite to the entry of default.  *Md. State*

*Firemen's Assoc. v. Chaves*, 166 F.R.D. 353, 354 (D.Md. 1996)("It is axiomatic that service of process must be effective under the Federal Rules of Civil Procedure before a default . . . may be entered against a defendant.")  Plaintiffs bear the burden of establishing that service of process was effective. *Ayres v. Ocwen Loan Servicing, LLC*, 129 F.Supp.3d 249, 261 (D.Md. 2015).

Under Rule 4 of the Federal Rules of Civil Procedure, a corporation, partnership, or other incorporated association in a judicial district of the United States must be served either: (A) by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made," or (B) "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process."  Fed.R.Civ.P. 4(h)(1).

This action is in Maryland, and service was made at Defendant's address in Indiana, so under Fed.R.Civ.P. 4(h)(1), Plaintiffs must show that service was proper under either Maryland, Indiana, or federal law. Under Maryland law, service is made on a limited liability company "by serving its resident agent."  Md. Rules 2-124(h), 3-124(h).  "If the limited liability company has no resident agent or if a good faith attempt to serve the resident agent has failed, service may be made upon any member or other person expressly or impliedly authorized to receive service of process."  Md. Rules 2-124(h), 3-124(h).

2

Here, Plaintiffs have neither served JCA's registered agent, Mr. Vanthof, nor have they shown a "good faith attempt" to serve him.  Although Plaintiffs served Ms. Vanthof, under Maryland law, "[t]he authority to effect service of process by 'leaving copies thereof at the . . . dwelling house or usual place of abode with some person of suitable age and discretion then residing therein' only applies to service of individuals, not corporate resident agents or managing agents." *Flores v. Env't Tr. Sols., Inc.*, No. 15-3063-PWG, 2018 WL 2237127, at *7 (D.Md. May 16, 2018) (quoting *Brown v. Am. Insts. For Rsch*., 487 F.Supp. 2d 613, 616 (D.Md. 2007)).  Therefore, Plaintiffs' service appears to be insufficient under Maryland law.

Plaintiffs' service also appears to be improper under Indiana law.  Under Indiana law, to serve process on a represented entity, a plaintiff must serve the "registered agent," or if there is no registered agent or after "reasonable diligence," the registered agent cannot be served, plaintiff can serve the entity by registered or certified mail.  Ind. Code § 23-0.5-4-10(a)-(b) (2018).  Additionally, if process "cannot be served on an entity under subsection (a) or (b), service may be made by handing a copy to the individual in charge of any regular place of business or activity . . . ." Ind. Code § 23-0.5-4-10(c) (2018).  The Indiana Trial Rules provide that service can also be made "upon an executive officer" of an organization, or upon a showing that service cannot be made according to these rules, "by leaving a

3

copy of the summons and complaint at any office of such organization located within this state with the person in charge of such office." Ind. R. Trial P. 4.6.

Here, Plaintiffs have neither served JCA's registered agent, nor shown they cannot do so after "reasonable diligence." Additionally, although Plaintiffs identify Ms. Vanthof as a "Co-Owner" on the affidavit of service (ECF No. 4), Ms. Vanthof is not listed on Indiana's business register, and in any event, a co-owner is not an "executive officer."

Accordingly, it is this 25th day of September, 2024, by the United States District Court for the District of Maryland, ORDERED that:

1. Plaintiffs' motion for the entry of default as to Defendant JCA Electric, LLC (ECF No. 5) BE, and the same hereby IS, DENIED;

2. Plaintiffs ARE GRANTED thirty (30) days from the date of this Order either to demonstrate that prior service was effective or to effect new service upon Defendant JCA Electric, LLC and to provide proof that service has been effected; and

3. The Clerk will transmit copies of this Order to counsel of record.

                                                               /s/
                                      DEBORAH K. CHASANOW
                                      United States District Judge